FILED
CLERK, U.S. DISTRICT COURT

9/24/25

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MRV _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:25-cr-00783-PA |
| Plaintiff, | |
| v. | I N D I C T M E N T |
| EMANUEL MORENO DIAZ, | [18 U.S.C. § 922(g)(5)(A): Alien In Possession of a Firearm and Ammunition; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. § 922(g)(5)(A)]

On or about December 24, 2024, in Ventura County, within the Central District of California, defendant EMANUEL MORENO DIAZ knowingly possessed firearms, namely, a CZ, model CZ75 Compact, 9mm Luger pistol, bearing serial number F179577, and a CZ, model CZ75 Compact, 9mm Luger pistol, bearing serial number H308230, and ammunition, namely, ninety rounds of Winchester 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

//

//

Defendant DIAZ possessed such firearms and ammunition knowing he was then an alien illegally and unlawfully in the United States.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)    All right, title, and interest in any firearm or ammunition involved in or used in such offense.

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

//

3

1    substantially diminished in value; or (e) has been commingled with

2    other property that cannot be divided without difficulty.

3

4                                         A TRUE BILL

5

6                                         /S/
                                          ─────────────────────────
7                                         Foreperson

8    BILAL A. ESSAYLI
     Acting United States Attorney
9
     JOSEPH T. MCNALLY
10   Assistant United States Attorney
     Acting Chief, Criminal Division
11

12   *Frances S. Lewis* (signature)

13   FRANCES S. LEWIS
     Assistant United States Attorney
14   Chief, General Crimes Section

15   SHAWN T. ANDREWS
     Assistant United States Attorney
16   Deputy Chief, General Crimes
     Section
17
     MATTHEW J. TAKO
18   Assistant United States Attorney
     Domestic Security and Immigration
19   Crimes Section

20

21

22

23

24

25

26

27

28